**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| CANDYCE MARTO-MAEDEL, Individually and on Behalf of All Others Similarly Situated,<br><br>- Plaintiff,<br><br>v.<br><br>MEREDITH CORPORATION,<br><br>Defendant. | Case No.4:21-cv-00366-RGE-SBL_____<br><br>**CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Candyce Marto-Maedel ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, alleges the following based upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters based upon the investigation conducted by and through her attorneys. Plaintiff believes that additional, substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## INTRODUCTION

1.      Defendant Meredith Corporation ("Meredith") sold and continues to sell subscriber mailing lists containing Plaintiff's and the other Class members' names and likenesses, along with other highly sensitive personal information, to data miners, data aggregators, data appenders, data cooperatives, list brokers, aggressive marketing companies, and various other public parties willing to pay for them. The lists Meredith sold identified, by name, address, and other personal attributes, Plaintiff and every other California subscriber to its various magazine publications, including *Entertainment Weekly* magazine to which Plaintiff subscribed. Meredith's monetization of Plaintiff's and its other California subscribers' names and likenesses in this way was done in direct violation of California's Right of Publicity Law, Cal. Civ. Code §3344, *et seq.* (the "CRPL").

2.      Documented evidence confirms these facts. For example, Meredith, either directly or through one or more intermediaries acting on its behalf and at its direction, and during

the time period relevant to this action, has knowingly advertised to the community at large, and sold to various members of the public interested in purchasing, the mailing list titled "Entertainment Weekly Magazine Mailing List," which contains the full name, home address, and title of the publication subscribed to (collectively "Personal Reading Information") – as well as a myriad of other personally identifying attributes and demographic information such as gender, age, and income – of each of the 567,594 active U.S. subscribers to *Entertainment Weekly* magazine (including Plaintiff and each member of the Class) at a base price of "$115.00/M [per thousand]," (*i.e.*, 11.5 cents apiece), as shown in the screenshot below from list broker NextMark, Inc.'s website:



*See* **Exhibit A** attached hereto.

3.      Meredith's practices of knowingly selling mailing lists on which each of its

subscribers is identified by name and likeness is not limited to *Entertainment Weekly* magazine, but also concern each of its other publications as well.  Meredith, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), and during the time period relevant to this action, has also knowingly advertised and sold to various parties the mailing list titled "Meredith Database – Masterfile Mailing List," which contains the Personal Reading Information of all 14,989,713 active U.S. subscribers to all of Meredith's various publications, among them Plaintiff and each member of the Class, at a base price of "$115.00/M [per thousand]," (*i.e.*, 11.5 cents apiece), as shown in pertinent part in the screenshot below from list broker NextMark, Inc.'s website:



*See* **Exhibit B** attached hereto.

4.       The CRPL clearly prohibits what Meredith has done.  Section 3344 of the CRPL provides:

> Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof.

Cal. Civ. Code §3344(a).

5.      Thus, by knowingly using Plaintiff's and the Class members' names and likenesses "on or in" the subscriber mailing lists that it sells – *i.e.*, "products, merchandise, or goods" – without any of these individuals' prior consent, Meredith has directly violated the CRPL.

6.      The CRPL was enacted to recognize each California resident's right of publicity. Meredith has deprived Plaintiff and Class members of this right by surreptitiously selling mailing lists on which all California subscribers to its publications are identified by name and other identifying attributes, without notifying much less obtaining consent from Plaintiff and Class members prior to engaging in these practices.

7.      Meredith's practices of monetizing its subscribers' names and likenesses for commercial purposes without authorization is not only unlawful, it is also dangerous because it allows any member of the public willing to purchase this data to target particular subscribers, including vulnerable members of society, using their identities, interests, and other demographic data.  So while Meredith profits handsomely from the use of its customers' names and likenesses in this way, it does so at the expense of its California customers' statutory rights of publicity.

8.      Accordingly, Plaintiff brings this Class Action Complaint against Meredith for its nonconsensual and plainly unlawful use of its customers' names and likenesses in violation of the CRPL.

## PARTIES

9.      Plaintiff Candyce Marto-Maedel is, and at all times relevant to this action has been, a natural person and a resident and citizen of the State of California.  Plaintiff purchased a subscription to Meredith's *Entertainment Weekly* magazine, as well as other Meredith

4

publications, including *Better Homes and Gardens* and *Instyle*, while residing in, as a citizen of, and present in California.

10.     Defendant Meredith Corporation is an Iowa corporation with its headquarters and principal place of business in Des Moines, Iowa.  Meredith is registered to do and does business throughout the entire United States.  Meredith is the publisher of, among others, the magazines *Better Homes and Gardens, Living the Country Life, Entertainment Weekly, Food & Wine, Health, Midwest Living, People, Parents, Real Simple, Shape, Southern Living, Travel + Leisure, Wood, FamilyFun, Rachel Ray in Season*, and *InStyle*.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

12.     The Court has personal jurisdiction over Meredith because Meredith maintains its corporate headquarters and principal place of business at 1716 Locust Street, Des Moines, Iowa 50309.

13.      Venue is proper in this District pursuant to 28 U.S.C. §1391 because Meredith is subject to personal jurisdiction in this judicial District, because Meredith resides in this judicial District, and because a substantial part of the events giving rise to Plaintiff's claims took place within this judicial District.

## FACTUAL BACKGROUND

### *California's Right of Publicity Law*

14.     The California legislature enacted the CRPL to establish as a matter of law that each resident of California has the right of publicity in his or her name and likeness, among other identifying attributes.

15.     The CRPL prohibits companies like Meredith from, *inter alia*, using an individual's name or likeness, in any manner, on or in a product, good, or a piece of merchandise.

Specifically, Section (a) of the CRPL states, in pertinent part:

> Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof.

Cal. Civ. Code §3344(a).

16.      Notably, California Civil Code §3344 was amended in 1984 to include the phrase (appearing in the statutory text quoted above) "on or in products, merchandise, or goods" as an additional way in which an unauthorized use of a person's name or likeness violates the statute. *See* Stats.1984, ch. 1704, §2, p. 6172.  In making this amendment, the California legislature sought to prohibit the use of a person's name on or in a product, good, or piece of merchandise, rather than simply in an advertisement for another product or service.  *Comedy III Prod's., Inc. v. Gary Saderup, Inc.*, 21 P.3d 797, 801-02 (Cal. 2001).

17.      "In any action brought under [the CRPL], the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages."  CRPL §3344(a).

18.      Despite the fact that millions of California residents subscribe to Meredith's various publications, Meredith disregarded its legal responsibilities to these individuals by selling to the community at large subscriber mailing lists that contained, *inter alia*, all of its California customers' names and likenesses without their consent and in direct violation of the CRPL.

### *Meredith Unlawfully Sells Mailing Lists Containing its California Customers' Names and Likenesses, as Well as Their Addresses, and Other Personal Reading Information*

19.      Meredith maintains a vast digital database comprised of its customers' information, including their names, addresses, and other identifying and highly sensitive Personal Reading Information.

20.     Meredith, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), knowingly sold during the relevant time period, and continues to sell to this day, lists on or in which its customers' names, addresses, and other Personal Reading Information appear.  Meredith has sold and continues to sell these lists on the open market to anyone willing to pay for them, including on a regular basis to data miners, aggregators, appenders, and cooperatives, aggressive marketing companies, and other consumer-facing businesses.  The name and address (among other identifying information) of each subscriber appears on or in these lists, and identifies each such person as having purchased a subscription(s) to a particular magazine(s) from Meredith.

21.     Meredith does not seek its customers' prior consent to any of these practices and its customers remain unaware that their names and likenesses, as well as their addresses and other identifying Personal Reading Information (including information identifying the particular publication to which each of them subscribed), are used by Meredith on or in the mailing lists that the company has sold and continues to sell on the open market to any member of the public interested in purchasing them.

22.     Consumers can purchase Meredith subscriptions through numerous media outlets, including the Internet, telephone, or traditional mail.  Regardless of how the consumer subscribes, Meredith uniformly fails to obtain consent from – or even provide effective notice to – its customers before engaging in the practices described herein.

23.     As a result of Meredith's data compiling and sales practices, any member of the public can purchase subscriber mailing lists from Meredith on or in which Plaintiff's and the other Class members' names and likenesses appear.  Meredith's practices of selling and offering to sell mailing lists that use its subscribers' names and likenesses in this way puts these consumers, especially the more vulnerable members of society, at risk of serious harm from scammers.

24.     By and through Meredith's actions, Meredith has intentionally used Plaintiff's and numerous other Californians' names and likenesses "on or in products, merchandise, or

7

goods," without any of these individuals' "prior consent," in direct violation of the CRPL. *See* Cal. Civ. Code §3344(a).

25.     Plaintiff suffered mental anguish as a result of Meredith's practices of selling subscriber mailing lists containing her name and likeness, as well as her address and other identifying Personal Reading Information (including information identifying the particular publication to which she subscribed), on the open market and without her consent.  Upon learning that her name, likeness, and other personal details were being trafficked by Meredith on the open market for its own financial gain, resulting in*, inter alia*, disclosures of her reading habits and the proliferation of other highly sensitive and intimate personal details about her to anyone interested in purchasing its subscriber lists (including aggressive advertisers, marketing companies, possible scammers, and other parties), Plaintiff became worried, frustrated, and concerned, disturbing her peace of mind in a meaningful way – just as would occur to any reasonable person (including members of the Class) under the same or similar circumstances.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

27.     Plaintiff brings this action as a class action, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of "all California residents who, at any point in the applicable statutory period, had their names appear on or in a mailing list sold by or on behalf of Meredith without their consent" (the "Class").

28.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact numbers of Class members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are millions of members in the Class.  Class members may be notified of the pendency of this action by mail and/or publication through the records of Defendant.

29.     Plaintiff's claims are typical of the claims of Class members, who were all similarly

affected by Defendant's wrongful conduct in violation of the CRPL.

30.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she will fairly and adequately protect the interests of Class members and has retained counsel competent and experienced in complex class action litigation.

31.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

(a)     whether the subscriber mailing lists Meredith sells are "products, merchandise, or goods" within the meaning of the CRPL;

(b)     whether Meredith used Plaintiff's and the Class's "names" or "likenesses" "on or in" such subscriber mailing lists;

(c)     whether Meredith obtained consent prior to using Plaintiff's and the Class's "names" or "likenesses" "on or in" such subscriber mailing lists;

(d)     whether Meredith's practices of selling such subscriber mailing lists violated the CRPL; and

(e)     the appropriate amount of damages to which Plaintiff and Class members are entitled as a result of Meredith's violations of the CRPL.

32.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Further, expense and burden of individual litigation makes it impossible for Class members to individually redress the wrongs done to them.  In addition, individualized litigation would increase the delay and expense to all parties, multiplies the burden on the judicial system, and presents the potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent

adjudication of the liability issues.  There will be no difficulty in the management of this action as a class action.

**CLAIM FOR RELIEF**
**Violation of the California Right of Publicity Law §3344**
**(By Plaintiff on Behalf of Herself and the Class)**

33.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

34.     Plaintiff brings this claim individually and on behalf of members of the above-defined Class against Defendant.

35.     Plaintiff is a natural person and thus a "person" within the meaning of the CRPL. *See* Cal. Civ. Code §3344(a).

36.     Meredith is a corporation and thus a "person" within the meaning of the CRPL.  *See id.*

37.     Plaintiff, a California resident, purchased a subscription to *Entertainment Weekly* magazine (as well as other publications including *Better Homes and Gardens* and *Instyle*) from Meredith.  Each member of the Class likewise resides in California and purchased a subscription to one or more Meredith publications.

38.     At no time before or at the time Plaintiff purchased a subscription to *Entertainment Weekly* magazine (or any of the other Meredith magazine subscriptions that she purchased) did Meredith notify Plaintiff that it would use her name or likeness "on or in products, merchandise, or goods" by selling mailing lists on or in which Meredith used her name or likeness (or her other Personal Reading Information – including home address and title of the publication subscribed to – as well as a myriad of other personal and demographic information such as gender, age, and income).  *See* Cal. Civ. Code §3344(a).  Plaintiff has never consented to Meredith using her name or likeness "on or in products, merchandise, or goods."  *See id.*  Meredith likewise failed to notify any of its other subscribers, including the members of the Class, that it would use their names or likenesses "on or in products, merchandise, or goods" by selling mailing lists on or in which Meredith used their names or likenesses (or their other Personal Reading Information).  *See id.*

10

And none of the members of the Class has consented to Meredith using their name or likeness "on or in products, merchandise, or goods." *See id.*

39.     After Plaintiff purchased a subscription to a Meredith publication, and during the relevant statutory period, Meredith, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), knowingly sold mailing lists containing Plaintiff's name and likeness (among other identifying and highly sensitive Personal Reading Information, which, *inter alia*, identified her as an individual to whom Meredith had sold a subscription to a particular magazine) to various third parties, including to data aggregators, data appenders, data cooperatives, and others, without first obtaining Plaintiff's consent or even giving her prior notice of its use of her name and likeness in this way.  Likewise, during the statutory period relevant to this action, Meredith knowingly sold mailing lists containing the names and likenesses of the members of the Class (among other identifying and highly sensitive Personal Reading Information) to various third parties, including to data aggregators, data appenders, data cooperatives, and others, without first obtaining consent to these practices from or even providing prior notice to any of these individuals.

40.     The subscriber mailing lists that Meredith knowingly sold, and continues to sell, on the open market to anyone interested in purchasing them, constitute "products, merchandise, or goods" within the meaning of the CRPL.  *See* Cal. Civ. Code §3344(a).

41.     Meredith knowingly used and continues to "use" Plaintiff's and the other Class members' names and likenesses "on or in" such subscriber mailing lists.  *See id*.

42.     Significant commercial value exists in the aspects of Plaintiff's and Class members' names and likenesses that Meredith used and continues to use on or in its subscriber mailing lists.

43.     Meredith's unauthorized use of Plaintiff's and Class members' names and likenesses on its subscriber mailing lists, as alleged herein, did not constitute "use[s] of . . . name[s] . . . or likeness[es] in connection with any news, public affairs, or sports broadcast or account, or any political campaign[.]"  §3344(d).

44.    By and through these actions, Meredith, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), knowingly "use[d] another's name . . . or likeness . . . on or in products, merchandise, or goods," without such person[s'] prior consent," in direct violation of the CRPL. *See* §3344(a).

45.    Meredith knowingly used Plaintiff's and the other Class members' names and likenesses on its subscriber mailing lists without prior consent in violation of the CRPL.  During the time period relevant to this action, Meredith, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), directed and oversaw the compilation and assembly of the subject subscriber mailing lists from its customer database, the advertising of such subscriber mailing lists on the open market, and the actual sales of such subscriber mailing lists to various third parties.  Meredith reaped significant monetary profits through its sales of subscriber mailing lists on or in which Plaintiff's and the other Class members' names and likenesses appeared.

46.    Plaintiff and the members of the Class have been injured, in California, from the violations of their rights of publicity that they suffered as a result of Meredith's nonconsensual use of their names and likenesses in the manner described herein.  On behalf of herself and the Class, Plaintiff seeks: (1) $750 in statutory liquidated damages or actual damages, whichever is greater, as well as any profits from Meredith's unauthorized uses of her and Class members' names and likenesses that are attributable to such uses and are not taken into account in computing any actual damages, for herself and each Class member pursuant to Cal. Civ. Code §3344(a); (2) an award of punitive damages pursuant to Cal. Civ. Code §3344(a); (3) a declaration that Defendant's conduct described herein violates Cal. Civ. Code §3344(a); (4) an injunction prohibiting Defendant from further using Plaintiff's and Class members' names or likenesses on or in the subscriber mailing lists that it sells, and requiring Defendant to obtain prior consent from California customers prior to doing so in the future; and (5) costs and reasonable attorneys' fees pursuant to Cal. Civ. Code §3344(a).

## PRAYER FOR RELIEF

47.     WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant as follows:

A.     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B.     For an order declaring that Defendant's conduct as described herein violates the California Right to Publicity Law, Cal. Civ. Code §3344, *et seq.*;

C.     For an order finding in favor of Plaintiff and the Class on the claim asserted herein;

D.     For an award of $750 in statutory liquidated damages or actual damages, whichever is greater, as well as any profits from Meredith's unauthorized uses of her and Class members' names and likenesses that are attributable to such uses and are not taken into account in computing any actual damages, for herself and each Class member pursuant to Cal. Civ. Code §3344(a);

E.     For an award of punitive damages pursuant to Cal. Civ. Code §3344(a);

F.     For an injunction prohibiting Defendant from further using Plaintiff's and Class members' names or likenesses on or in the subscriber mailing lists that it sells, and requiring Defendant to obtain prior consent from California customers prior to doing so in the future;

G.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit pursuant to Cal. Civ. Code §3344(a); and

H.     For prejudgment interest on all amounts awarded.

**JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: November 22, 2021                    Respectfully submitted,


By: /s/ Mollie Pawlosky
Mollie Pawlosky, AT0006198
DICKINSON, MACKAMAN,
TYLER & HAGEN, P.C.
699 Walnut Street, Suite 1600
Des Moines, IA 50309-3986
Telephone: (515) 244-2600
Facsimile: (515) 246-4550
mpawlosky@dickinsonlaw.com


**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
Joseph P. Guglielmo (*pro hac vice* forthcoming)
Erin Green Comite (*pro hac vice* forthcoming)
Sean T. Masson (*pro hac vice* forthcoming)
Carey Alexander (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
tlaughlin@scott-scott.com
jguglielmo@scott-scott.com
ecomite@scott-scott.com
smasson@scott-scott.com
calexander@scott-scott.com

*Counsel for Plaintiff and the Putative Class*